**Diane GADOW, in her individual capacity; and The Department of Health and Social Services of the State of Delaware, Defendants Below Appellants,**

v.

**Joyce PARKER, Plaintiff Below, Appellee.**

No. 228,2004.

Supreme Court of Delaware.

Submitted: Nov. 10, 2004.

Decided: Jan. 5, 2005.

**9.** D.R.E. 702 (2004).

**12.** *Id.*

Michael F. Foster (argued) and James J. Maxwell, Esquires, Deputy Attorneys General, Department of Justice, Wilmington, Delaware; for Appellants.

John M. LaRosa, Esquire (argued), of The Law Office of John M. LaRosa, and Thomas S. Neuberger, Esquire, of The Neuberger Firm, P.A., Wilmington, Delaware; for Appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

JACOBS, Justice.

The defendants-below, who are the Department of Health and Social Services of the State of Delaware ("DHSS") and Diane Gadow ("Gadow"), appeal from an interlocutory order of the Superior Court denying their motion to dismiss the complaint on limitations grounds. DHSS and Gadow argued to that Court that the action brought by the plaintiff, Joyce Parker ("Parker"), was time-barred. The Superior Court denied the dismissal motion, ruling that the defendants had waived the statute of limitations defense by failing to raise it during the proceedings on Parker's motion to amend her complaint. We conclude that the limitations defense was not waived, because (1) the Superior Court Civil Rules 12(b) and 8(c) require a defendant to raise the defense of limitations either in a motion to dismiss or as an affirmative defense in a responsive pleading, and (2) the defendants met that requirement by raising the limitations defense in both their answer to Parker's original complaint and in their motion to dismiss Parker's amended complaint. We therefore reverse the order denying the dismissal motion and remand the case for further proceedings.

### Facts [1]

The underlying cause of this legal dispute is that a series of nearly identical

---

1. Unless otherwise noted, the facts recited herein are derived from the Opinion of the Superior Court granting the plaintiff's motion to amend the complaint. *Parker v. State,* C.A.

complaints were filed in both the Delaware federal and state courts, all based on the same operative facts. On August 1, 1996 Parker was terminated from her job as a school nurse. On July 30, 1998, she filed a complaint in the United States District Court for the District of Delaware, asserting various race, sex, and disability discrimination claims ("USDC I"). Parker sued DHSS, the agency that employed her, as well as Gadow, who was the Superintendent at the school where Parker worked.[2] One year later, Parker filed a complaint against those same defendants in the Superior Court, alleging the same discriminatory acts ("State I"). Thereafter, State I was removed to the federal Court because the State I claims were substantially identical to those asserted in USDC I.

In March 2000, the District Court dismissed USDC I without prejudice, after Parker had failed to properly serve the defendants. On June 22, 2000, Parker filed a second federal action ("USDC II"), which was dismissed again one year later after Parker again had failed to serve the defendants in a timely manner despite a court order directing her to do so. The District Court then remanded State I to the Superior Court, and the defendants filed an answer to the complaint asserting numerous affirmative defenses, including the defense of limitations.

Thereafter, the prosecution of State I was delayed, because Parker's attorney withdrew from the case on March 6, 2002 and was later suspended from the practice of law. Parker then obtained new counsel who entered their appearance on January 21, 2003 and filed a motion for leave to amend the State I complaint on May 13, 2003.

### The Motion to Amend

Parker's new counsel sought to amend the State I complaint both to simplify it and to correct apparent pleading mistakes made by her prior attorney.[3] Defendants DHSS and Gadow opposed Parker's motion to amend. In that context the defendants mentioned the statute of limitations issue in passing, but they did not directly or straightforwardly argue that to allow the amendment would be futile because Parker's claim was time-barred. Rather, the defendants contended that Parker should not be allowed to amend the complaint because she had unduly delayed the proceedings and had acted in bad faith in prosecuting her case. In addition, the defendants argued that they would be prejudiced if Parker were permitted to amend her complaint to add constitutionally-based discrimination claims that were never initially pleaded in the State suit.

### The Amended Complaint and the Defendants' Motion to Dismiss [4]

On October 14, 2003, the Superior Court granted Parker's motion to amend. The defendants responded by moving to dis-

No. 99C–07–323, 2003 WL 22383714 (Del.Super. Oct. 14, 2003) (amended Apr. 30, 2004).

2. Parker sued Gadow in her individual capacity and in her official capacity as an agent for the State. Parker also sued two other defendants, Thomas Eichler and Janet Kramer. Eichler and Kramer are not parties to this interlocutory appeal.

3. Under Superior Court Rule 15(a), once a responsive pleading has been filed, a party must obtain leave of the Court or consent of the adverse party before it may amend a pleading. That Rule also provides that leave to amend "shall be freely given where justice so requires."

4. The facts recited regarding the Superior Court's denial of the defendants' motion to dismiss are taken from the transcript of an office conference, held on April 16, 2004, in which the Superior Court resolved the motions to dismiss that were pending.

miss the amended complaint on the ground that the claim was barred by the two-year statute of limitations applicable to personal injury actions.[5] In opposition, Parker argued that the amended complaint was not time-barred, because it related back to the State I complaint, which, in turn, related back to the original federal complaint that had been filed within the two-year statute of limitations.

The Superior Court denied the defendants' motion to dismiss.[6] In so concluding, the Superior Court relied upon a federal Court of Appeals decision, *Robinson v. Johnson*, in which the Third Circuit held that the defense of limitations is waived if it is not raised "as early as reasonably possible."[7] The Superior Court concluded that under the *Robinson* doctrine the defendants here had waived their limitations defense by failing to raise it in opposition to Parker's motion to amend, which, the Superior Court determined, was the earliest reasonably possible time that defense could have been raised. This Court granted the defendants' interlocutory appeal from that ruling.

### Analysis

■ This Court reviews *de novo* the Superior Court's denial of a motion to dismiss.[8] In that context, we determine whether the Superior Court erred as a matter of law in formulating or applying legal precepts.[9]

■ We conclude that in holding that the defendants waived the limitations defense, the Superior Court misapplied, and incorrectly broadened the scope of, the Third Circuit's ruling in *Robinson v. Johnson*. In *Robinson*, the Court limited its holding to cases where the statute of limitations is not raised in the manner prescribed by the Federal Rules of Civil Procedure.[10] Properly so read, *Robinson* supports the defendants' argument that the limitations defense was not waived in this case, because the defendants raised the limitations defense in the manner authorized by the Superior Court Civil Rules.

*Robinson* involved the filing of a habeas corpus petition in a federal District Court. In its initial response to that petition, the Commonwealth of Pennsylvania urged that the petition should be dismissed because it was "successive" to a habeas corpus petition that the petitioner had previously

---

5. 10 *Del. C.* § 8119.

6. The other defendant, Janet Kramer, filed a separate motion to dismiss, also on statute of limitations grounds. The Superior Court granted Kramer's motion, because it found that she had not waived the limitations defense. Kramer did not participate in opposing Parker's motion to amend because she was not properly served, and therefore was not before the Court at that procedural stage. Accordingly, the Superior Court concluded, Kramer raised the limitations defense at the earliest reasonably possible time-which was when she first formally appeared before the Court.

7. *Robinson v. Johnson*, 313 F.3d 128, 135–36 (3rd Cir.2002).

8. *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del.1995).

9. *State v. Cephas*, 637 A.2d 20, 22–23 (Del. 1994).

10. *Robinson*, 313 F.3d at 135 ("The Commonwealth argues, and we agree, that a limitations defense does not necessarily have to be raised in the answer. But it does not follow that a limitations defense can be raised at any time. Consistent with the purpose of Rule 8(c), courts require that defendants assert a limitations defense as early as reasonably possible.").

filed.[11] The District Court granted the Commonwealth's motion to dismiss, and the petitioner appealed. While the appeal was pending, the Commonwealth conceded, contrary to its earlier in-court position, that the petition was not "successive." Accordingly, the Court of Appeals reversed the dismissal of the petitioner's habeas petition and remanded the case to the District Court.[12]

On remand, the District Court granted the defendant leave to amend his petition. The Commonwealth filed a response to the amended petition, in which it raised the statute of limitations for the first time.[13] The District Court dismissed the amended habeas petition as time-barred.[14] The petitioner appealed, arguing that the Commonwealth had waived the limitations defense by failing to raise that defense in its initial motion to dismiss.

The Court of Appeals held that a limitations defense that is not raised in the manner prescribed by the Federal Rules of Civil Procedure must be raised "as early as reasonably possible," or it will be deemed to have been waived.[15] In determining whether the defense had been waived, the Third Circuit acknowledged that under the Federal Rules of Civil Procedure, the Commonwealth could have raised the defense in the initial motion to dismiss.[16] Similarly, when the petitioner sought to amend his complaint the Commonwealth could have argued, as a basis for opposing the motion, that allowing the amendment would be futile. The Court of Appeals concluded, however, that (1) not

until after the case was remanded was the Commonwealth procedurally obligated to file a response to the merits of the petition, and (2) not until the Commonwealth had responded to the merits of the petition did Fed.R.Civ.P. 8(c) require it to plead or waive the limitations defense in its response.[17] Because the Commonwealth had raised the defense at the stage prescribed by Rule 8, the Court concluded that the defense was not waived.

*Robinson* supports the defendants' position, not Parker's. Here, as in *Robinson,* the Superior Court had made significant procedural decisions before the defendants moved to dismiss the complaint based on the defense of limitations. We acknowledge that it would have been prudent, and indeed preferable and less wasteful of judicial resources, had the defendants raised the limitations defense at the time the Superior Court was deciding whether to grant Parker's motion to amend. But from this it does not follow as a legal matter that the defendants were procedurally *obligated* to raise the defense at that stage. The Superior Court Civil Rules expressly permit a defendant to raise the defense of limitations in a motion to dismiss or in a first responsive pleading to the complaint.[18] The defendants complied with these Rules by raising the statute of limitations defense in their answer to the original complaint, and later in their motion to dismiss Parker's amended complaint.

The Superior Court concluded, nonetheless, that the limitations defense had been

---

11. *Id.* at 137.

12. *Id.*

13. *Id.*

14. *Id.* at 138.

15. *Id.* at 135–36.

16. *Id.* at 139–41.

17. *Id.* at 141.

18. Super. Ct. R. 12(b), (h); Super. Ct. Civ. R. 8(c); *City of Wilmington v. Spencer,* 391 A.2d 199 (Del.1978).

waived. That conclusion was erroneous because, if upheld, it would create a procedural requirement, nowhere codified in the Superior Court Rules, that would have no limits or clear guidelines. Such an approach would render the otherwise clear procedural map provided by the Court Rules unreliable, and would result in unnecessary litigation over what procedural point in the lawsuit represents the earliest possible time to raise an affirmative defense. Although we sympathize with the Superior Court's frustration with the defendants' failure to argue the limitations defense as a ground for opposing leave to amend, in these circumstances the need for clarity and certainty in matters of court procedure outweighs our society's interest in promoting judicial economy. Here, the defendants did raise their limitations defense in compliance with the procedural rules. For that reason the defense was not waived.

### Conclusion

Accordingly, the interlocutory order denying the defendants' motion to dismiss on the ground of limitation is reversed, and the case is remanded to the Superior Court for a determination of the motion to dismiss on the merits.[19]

---

19. On remand, Parker is free to raise any arguments available to her, including the argument that the amendment "relates back" to the filing of the original complaint under Rule 15. In addition, the parties should brief the impact, if any, of the recent decision of the United States Supreme Court decision in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 124 S.Ct. 1836, —— L.Ed.2d —— (2004). Our recognition of Parker's right to advance these arguments should not be regarded as the expression of any viewpoint on the merits of those arguments.