GLD-143                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1079
_____

RICHARD Y. THOMPSON a/k/a MALACHI SHARIF SHABAZZ-EL a/k/a MALACHI
SHARIF OPADAYEEN SHABAZZ-EL

RICHARD Y. THOMPSON,
                                                      Appellant

v.

BRANDYWINE SCHOOL DISTRICT; BARBARA MERIDITH; TODD CONN;
DEBRA BULLOCK; KIMBERLY DOHERTY; GLENN COSTILL;
BRUCE JOHANNSMIER; JOHN READ
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-07-cv-00596)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit L.A.R. 27.5 and I.O.P. 10.6
March 22, 2012
Before:  FUENTES, GREENAWAY, JR. AND NYGAARD, Circuit Judges

(Opinion filed: April 18, 2012)

_____

OPINION
_____

PER CURIAM

Richard Thompson[1] appeals pro se and in forma pauperis from the United States

District Court for the District of Delaware's order granting defendants' motion for

summary judgment and denying his motion for summary judgment. Because this appeal

does not present a substantial question, we will summarily affirm the District Court's

order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In May 2006, Thompson filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") claiming that his former employer,

Brandywine School District, and several employees thereof violated Title VII of the Civil

Rights Act of 1964 ("Title VII") by discriminating and retaliating against him based on

his race. The alleged discriminatory acts took place on March 3, 2006. On August 13,

2007, the EEOC provided Thompson with a right-to-sue letter, and in September 2007,

Thompson filed a private action in the District Court, claiming that the defendants

discriminated against him based on his religion and national origin rather than due to his

race.

The District Court dismissed Thompson's case in February 2008 for failure to

comply with Rule 4 of the Federal Rules of Civil Procedure, as he did not serve the

complaint on the defendants. Soon thereafter, the District Court granted Thompson's

motion to reopen the case. In September 2009, Thompson filed a motion to amend his

---

[1] It appears that Thompson now refers to himself by the name "Malachi Shabazz-El."
However, because he filed the case under the name "Richard Thompson," we will refer to
him as such.

complaint and for the first time claimed that he had been discriminated against based on his race.

The parties thereafter engaged in discovery and motion practice, and on September 30, 2010, the District Court granted Thompson's 2009 motion to amend the complaint. Discovery continued until early 2011, when Thompson and the defendants filed motions for summary judgment. The defendants asserted that Thompson's complaint should be dismissed because his nationality- and religion-based discrimination claims were unexhausted and his race-based claims were time-barred.[2] The District Court agreed, and granted the defendants' summary judgment motion in an order entered on December 15, 2011. The District Court denied Thompson's summary judgment motion as moot.

Thompson now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment and apply the same standard as does the district court. McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Haybarger v. Lawrence County Adult Probation & Parole, 667 F.3d 408, 412 (3d Cir. 2012).

---

[2] The defendants also argued that Thompson could not set forth a prima facie case of discrimination.

3

Upon review of the record, we conclude that the District Court correctly granted the defendants' motion for summary judgment. A plaintiff bringing an employment discrimination claim under Title VII must exhaust his or her remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Those requirements include filing a charge with the EEOC within 180 days of the alleged unlawful employment practice. See 42 U.S.C.§ 2000e-5(e)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 472 (3d Cir. 2001). Here, Thompson failed to comply with this requirement to the extent that his District Court complaint raised claims of discrimination based on his national origin and religion. These claims were not brought to the attention of the EEOC and accordingly did not fall within the scope of its investigation. The District Court thus properly dismissed these claims as unexhausted. See, e.g., Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996); Webb v. City of Philadelphia, 562 F.3d 256, 262-63 (3d Cir. 2009).

Additionally, although Thompson did exhaust his claims for racial discrimination and retaliation, he was required to bring a private action based on those charges within 90 days after receiving the EEOC's right-to-sue letter, which was issued in August 2007. See 42 U.S.C. § 2000e-5(f)(1); Burgh, 251 F.3d at 472. He did not, however, raise such claims until he filed his amended complaint, which occurred more than two years after receiving the EEOC's letter. "We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." Burgh, 251 F.3d at 470. Here, there is no indication

4

that any basis exists for tolling the limitation period for filing the claim based on race discrimination. Accordingly, the District Court properly dismissed the claim as time-barred.

We have reviewed Thompson's submissions in support of his appeal and conclude that his arguments are meritless. For the foregoing reasons, this appeal presents "no substantial question" and we will therefore summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Appellees' motion for summary action as moot.