**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MIDFIRST BANK,           )
                                      )
          Plaintiff,           )
                                        )
          v.                         )        C.A. No. K21L-06-005 NEP
                                        )
CATHERINE MULLANE,       )
                                        )
          Defendant.       )

Submitted: April 19, 2023
Decided: June 12, 2023

**ORDER**

*Upon Defendant's Motion to Dismiss*

**DENIED**

1.     Before this Court is the motion of Defendant Catherine Mullane (hereinafter "Mullane") seeking dismissal of a foreclosure action brought by MidFirst Bank (hereinafter "MidFirst").  The sole basis for the motion is that the action is barred by the three-year statute of limitations set forth in 10 *Del. C.* § 8106.

2.     MidFirst argues that 1) the Complaint was filed within three years of Mullane's defaulting on the mortgage on July 1, 2018, and 2) the applicable statute of limitations is 20 years because the mortgage is a contract under seal.  Based on the well-pleaded allegations in the Complaint and the documents incorporated therein, MidFirst is correct on both points.

3.     "The statute of limitations is an affirmative defense, but it may be

1

asserted in a motion to dismiss."[1] The Court construes Mullane's motion as a motion to dismiss for failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6). On a 12(b)(6) motion, the Court "will accept all well-pleaded factual allegations in the complaint as true" and "will draw all reasonable inferences in favor of the plaintiff, denying the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[2]

4.     The Complaint in this action was filed on June 11, 2021.[3] It alleges that "Defendant(s) have failed to pay the monthly installments of the Mortgage and Note when due."[4] While it does not expressly allege the date of Mullane's alleged breach, it does state that "Defendant(s) owe to Plaintiff the principal sum of the amount remaining on the Mortgage and Note with interest from **July 1, 2018**, together with reasonable counsel fees, late charges and costs."[5] Accepting all well-pleaded allegations as true, it is reasonable to infer that this is the date Mullane allegedly defaulted on the mortgage, thus triggering the statute of limitations.[6] June 11, 2021, is within three years of that date and the action would thus not be barred even under a three-year statute of limitations.

5.     As noted previously, however, this action is governed by a twenty-year statute of limitations, and thus is not barred in any event. "Under Delaware law, a contract under seal is subject to a twenty-year statute of limitations."[7] The Delaware Supreme Court has adopted a bright-line rule that "the presence of the word 'seal'

---

[1] *Dollard v. Callery*, 185 A.3d 694, 708 (Del. Super. 2018) (citing *Gadow v. Parker*, 865 A.2d 515, 519 (Del. 2005)).
[2] *Id.* at 703.
[3] Compl. (D.I. 1).
[4] *Id.* ¶ 5.
[5] *Id.* ¶ 6 (emphasis in original).
[6] This inference does not preclude Defendant from disputing the date of default at any subsequent stage of this litigation.
[7] *Lehman Bros. Holdings, Inc. v. Kee*, 268 A.3d 178, 187 (Del. 2021) (quoting *Whittington v. Dragon Grp., L.L.C.*, 991 A.2d 1, 10 (Del. 2009)).

next to an individual's signature is all that is necessary to create a sealed instrument."[8]

6.      Here, the mortgage instrument, which is attached as an exhibit to the Complaint and incorporated therein by reference, clearly shows the word "SEAL" next to the name of the original mortgagor, Anna M. Stanley.[9]  Thus, the Court concludes that the 20-year statute of limitations applies.[10]

Wherefore, for the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is **DENIED.**

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP:tls
oc:    Prothonotary
cc:    John E. Tarburton, Esquire, and Melanie J. Thompson, Esquire, Orlans PC -
       *Via File & ServeXpress*
       Catherine Mullane, *Pro Se – Via U.S. Mail*

---

[8] *Whittington*, 991 A.2d at 14.
[9] Compl. Ex. A at 5.
[10] *See Wilmer v. Ocwen Fin. Corp.*, 2016 WL 3366060, at *3 (Del. Super. May 31, 2016) (concluding that a mortgage that allegedly went into default in 2011 was still enforceable because the word "seal" was clearly visible next to the individual mortgagor's signature).