**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: July 26, 2023
Decided: July 28, 2023

Joseph C. Schoell, Esquire
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801

Albert H. Manwaring, IV, Esquire
Barnaby Grzaslewicz, Esquire
Kirsten Zeberkiewicz, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, Delaware 19801

Steven L. Caponi, Esquire
Matthew B. Goeller, Esquire
Megan E. O'Connor, Esquire
K&L GATES LLP
600 N. King Street, Suite 901
Wilmington, Delaware 19801

RE:   *Jonathan Saunders v. Lightwave Logistics, Inc. et al.*
      C.A. No. N23C-05-120 PRW CCLD
      Defendants' Motion to Dismiss

Dear Counsel,

The Court provides this Letter Opinion and Order in lieu of a more formal

writing to resolve Defendants' Motion to Dismiss. For the reasons explained

below, the motion to dismiss is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2013, Dr. Jonathan Saunders acquired 55,000 shares of

Lightwave Logistics, Inc.[1]  Lightwave, at that time, was traded on the over-the-counter market as opposed to an exchange market.[2]  Lightwave used Defendant Broadridge Financial Solutions, Inc. as its transfer agent.[3]

On January 26, 2017, Dr. Saunders' shares in Lightwave were "cancelled and escheated to the State of Delaware."[4]  Dr. Saunders says that Lightwave and Broadridge caused his shares to be escheated and neither Lightwave nor Broadridge made any attempt to locate or contact him.[5]  Additionally, Dr. Saunders says Lightwave and Broadridge failed to send him a required "due diligence mailing."[6]

Accordingly, Dr. Saunders says he didn't know his Lightwave stock had been escheated until July 20, 2021, which was when he attempted to open a brokerage account to hold that stock.[7]

Dr. Saunders originally brought this action in the Court of Chancery.  That

---

[1]  Compl. ¶ 12 (D.I. 1).

[2]  *Id.*

[3]  *Id.* ¶ 13.

[4]  *Id.* ¶ 30.

[5]  *Id.* ¶¶ 29-30.

[6]  *Id.* ¶ 29.

[7]  *Id.* ¶¶ 36-40.

Court questioned the parties as to whether it had subject matter jurisdiction.[8] The parties subsequently stipulated to dismiss the breach-of-fiduciary-duty claim and transfer the action here.[9]

In this Court, Dr. Saunders has asserted two counts against Defendants—first, a claim for negligence (jointly and severally) and second, a claim for conversion (jointly and severally).[10]

Defendants have moved to dismiss the Complaint arguing that Dr. Saunders' claims are barred by a three-year statute of limitations.[11] In opposition, Dr. Saunders says the statute of limitations should be tolled because his injury—the loss of his stock—was inherently unknowable.[12]

## II. STANDARD OF REVIEW

"Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of

---

[8] *Jonathan Saunders v. Lightwave Logic, Inc., et al.*, C.A. 2022-0882-MTZ (Del. Ch.) D.I. 21 (letter to counsel).

[9] *See* D.I. 1, Ex. 1 (stipulation and order of 10 *Del. C.* § 1902 transfer).

[10] Compl. ¶¶ 45-61.

[11] Mot. to Dismiss at 15-19 (D.I. 6).

[12] Answering Br. at 13-22 (D.I. 8).

circumstances susceptible of proof under the complaint."[13] Under that Rule, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[14]

"If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[15]

Indeed, "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[16] As a corollary to that principle, a time-limitations defense may be decided at the Rule 12(b)(6) stage.[17]

---

[13] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. Ct. 2018) (quoting Super. Ct. Civ. R. 12(b)(6)).

[14] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[15] *Id.* (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

[16] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct. Aug. 20, 2004).

[17] *Gadow v. Parker*, 865 A.2d 515, 519 (Del. 2005) ("The Superior Court Civil Rules expressly permit a defendant to raise the defense of limitations in a motion to dismiss or in a first responsive pleading to the complaint." (citations omitted)).

## III.  DISCUSSION

### *IT IS PREMATURE ON THE CURRENT RECORD TO CONCLUDE THAT DR. SAUNDERS' CLAIMS ARE TIME-BARRED.*

Dr. Saunders first says that Defendants were negligent in allowing his Lightwave stock to be escheated.[18]  Second, Dr. Saunders says that Defendants converted his shares by allowing them to be wrongfully escheated.[19]

Lightwave and Broadridge contend that both claims are barred by a three-year statute of limitations.[20]

The escheatment took place on January 26, 2017, so under 10 *Del. C.* § 8106, Dr. Saunders had three years to bring his negligence and conversion claims.[21]  When Dr. Saunders first filed suit in the Court of Chancery on September 30, 2022, he was well past the three-year mark.  This means that unless the statute of limitations is tolled, his claims are untimely.[22]

---

[18]  Compl. ¶¶ 45-55; *see, e.g., id.* ¶ 53 ("Each of Lightwave and Broadridge were negligent and breached their respective duties by wrongfully reporting and delivering the shares to the State of Delaware as unclaimed property before the expiration of the period of dormancy required by Delaware law.").

[19]  *Id.* ¶¶ 56-61; *id.* ¶ 60 ("Lightwave and Broadridge took actions leading to the wrongful escheatment of Dr. Saunders' shares.").

[20]  Mot. to Dismiss at 15-19.

[21]  DEL. CODE. ANN. tit. 10, § 8106 (2016); *see also Kim v. Coupang*, LLC, 2021 WL 3671136, at *3 (Del. Ch. Aug. 19, 2021); *S&R Assocs., L.P. v. Shell Oil Co.*, 725 A.2d 431, 439 (Del. Super. Ct. 1998).

[22]  *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319-20 (Del. 2004).

Dr. Saunders says he "was 'blamelessly ignorant' of an 'inherently unknowable' injury -- thereby tolling the statute of limitations."[23]

"[T]he doctrine of inherently unknowable injuries will toll the statute of limitations 'while the discovery of the existence of a cause of action is a practical impossibility.'"[24] Tolling doesn't happen when "facts exist sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."[25]

Dr. Saunders insists it was practically impossible for him to discover the escheatment because Lightwave and Broadridge had duties to keep him informed and to send him a due diligence mailing, neither of which occurred.[26] And that he was blamelessly ignorant because he had no reason to believe his stock would be escheated without that notice from Defendants.[27]

According to Defendants, (1) the escheatment was not inherently unknowable, and (2) Dr. Saunders is not blamelessly ignorant.

---

[23] Answering Br. at 14.

[24] *Ocimum Biosolutions (India) Ltd. v. AstraZeneca UK Ltd.*, 2019 WL 6726836, at *8 (Del. Super. Ct. Dec. 4, 2019) (quoting *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998), *aff'd*, 1999 WL 87385 (Del. Jan. 6, 1999)).

[25] *Wal-Mart Stores, Inc.*, 860 A.2d at 319 (cleaned up).

[26] Compl. ¶¶ 29, 46-48.

[27] *See id.*; Answering Br. at 14.

### A. ON THE CURRENT RECORD, THE COURT FINDS IT REASONABLY CONCEIVABLE THAT DR. SAUNDERS COULD CARRY HIS BURDEN ON THE TOLLING EXCEPTION.

First, Defendants suggest the escheatment was not inherently unknowable because "[t]he State of Delaware broadly disseminates information to make owners of escheated property aware of the property and to allow them to reclaim such property."[28]  In support, Defendants first point to the State Escheator website where, Defendants say, Dr. Saunders' escheatment information was publicly available.[29]  But Defendants rely on information from the website retrieved on May 31, 2023; the relevant time period here is January 26, 2017, to January 26, 2020.[30]  Even if the Court could consider the availability of the website at this stage,[31] Defendants do not point to what information the website actually contained during the relevant time period, only that it is on it now.[32]

Second, Defendants call out two cases—*Jepsco Limited v. B.F. Rich & Co.,*

---

[28]  Mot. to Dismiss at 17.

[29]  *Id.*; Reply Br. at 8-9 (D.I. 7).

[30]  Motion to Dismiss at 13 & n.5; Reply Br. at 8-9.

[31]  *Reid v. Spazio*, 970 A.2d 176, 183 (Del. 2009).

[32]  Defendants admit in their reply brief that the nine items listed on the State Escheator's website that they "associate with Dr. Saunders have appeared as unclaimed in the State's escheat database since November 28, 2022."  Reply. Br. at 9 n.4 (citing D.I. 6, Ex. A).

*Inc.*[33] & *Marvel v. Clay*[34]—for the proposition that a matter of public record cannot be inherently unknowable.[35] Beyond Defendants' insistence that the Court take judicial notice of a public record they themselves have not provided to the Court,[36] neither case is particularly helpful here.

In *Jepsco*, the Court of Chancery considered the fraudulent-inducement tolling exception, not the inherently unknowable exception,[37] and in *Marvel*, the Superior Court decided the tolling question on a summary judgment record.[38]

Defendants imply that the occurrence-of-escheatment was not inherently unknowable because Dr. Saunders could have just called Defendants. Dr. Saunders' stockholder status was limited due to the stock's presence on the over-the-counter market.[39] Defendants had the cancellation and escheatment information, Dr. Saunders did not. While one might infer that a phone call to Defendants could have provided Dr. Saunders with the facts he now claims he

---

[33]  2013 WL 593664 (Del. Ch. Feb. 14, 2013).

[34]  1995 WL 465322 (Del. Super. Ct. June 15, 1995), *aff'd* 1996 WL 69744 (Del. Jan. 22, 1996).

[35]  Mot. to Dismiss at 17.

[36]  Even if the Court were to take judicial notice of the Escheatment list, Defendants have not provided the relevant list. Defendants instead ask the Court to assume the list says something that may or may not be there.

[37]  *Jepsco Ltd.*, 2013 WL 593664, at *10-11.

[38]  *Marvel*, 1995 WL 465322, at *4.

[39]  *See* Compl. ¶¶ 12, 40.

didn't (and wouldn't otherwise) know, at this stage the Court cannot speculate on the contents of any call such that it could find it was not practically impossible for Dr. Saunders to learn of his stock's escheatment.

Accordingly, the Court must draw the reasonable inference—at this pleadings stage and with the facts pled—that it was inherently unknowable to Dr. Saunders that his stock in Lightwave had been cancelled and escheated.

### B. ON THE CURRENT RECORD, THE COURT MUST INFER DR. SAUNDERS WAS BLAMELESSLY IGNORANT OF THE ESCHEATMENT OF HIS STOCK.

Defendants insist Dr. Saunders is not blamelessly ignorant because a reasonably diligent person would have checked on the status of his investment, and because he failed to keep Lightwave informed of where he lived.[40]

First, Defendants say that Dr. Saunders didn't act like a reasonably diligent person because he didn't check on the status of his investment. They rely on the Eighth Circuit's decision in *Weinbach v. Boeing Co.*[41] But in *Weinbach*, the Eighth Circuit considered a grant of summary judgment where the appellant initially received an annual communication only to then have that communication

---

[40] Reply Br. at 4-5.

[41] Reply Br. at 5-6 (citing *Weinbach*, 6 F.4th 855 (8th Cir. 2021)).

cease.[42]  This case is currently at the dismissal stage, not at the summary judgment stage.  But even if it was at the summary judgment stage, the complaint doesn't allege (nor is there other indication) that Dr. Saunders initially received annual communication from Lightwave only to have that communication cease—thus supporting some notion that he was to blame for not following up.

Here, the adverse inference that Defendants urge the Court to reach is just too far a reach.  Indeed, the more allowable inference at this point is that Lightwave offered no communication in the first instance and Dr. Saunders would not have expected Lightwave to thereafter unless circumstances of his stockholding changed.  Defendants cite no legal or factual support for their urging that Dr. Saunders had an affirmative duty to regularly check in with them on his stockholder status.  Nor can the Court infer any such duty given the current record.

Defendants next say that Dr. Saunders was not blamelessly ignorant because he failed to inform Lightwave of his address change.[43]  But Dr. Saunders says he received no mail at all from Lightwave, which is an assertion the Court must accept as true at this stage.  So, it doesn't matter whether Dr. Saunders' address

---

[42]  *Weinbach*, 6 F.4th at 858.

[43]  Mot. to Dismiss at 18 (Defendants conclude: Dr. Saunders "careless attitude for ensuring that he received important communications from Lightwave clearly cannot fairly be characterized as 'blameless.'").

was correct given his assertion that no mail at all was ever sent or received from Lightwave.

Defendants posit that Dr. Saunders must have received mail from the State Escheator because 12 *Del. C.* §§ 1150(a)-(b) obligates the State Escheator to send mailed notice before it escheats property.[44]  But that statute was amended after Dr. Saunders' stock was escheated—before that operable 2017 amendment, the State Escheator was only required to provide notice via the newspaper.[45]  So the State Escheator had no obligation to mail notice at the time Dr. Saunders' Lightwave stock was escheated.  And to the extent that the information was available via newspaper notification, nowhere do Defendants point the Court to any record that Dr. Saunders' information was present there.  Nor can the Court make that inference for them such at this stage.

According to Dr. Saunders, he had no reason to suspect any issue with his Lightwave stockholder status.  The escheatment happened without his involvement and without his knowledge.  As such, the Court, at this stage, must find it reasonably conceivable that Dr. Saunders was blamelessly ignorant of the

---

[44]  Reply Br. at 7.

[45]  DEL. CODE ANN. tit. 12, § 1150 (2017) (added by 81 Del. Laws 2017, ch. 1, § 2, eff. Feb. 2, 2017).  Previously the statute provided notice via publication.  DEL. CODE ANN. tit. 12, §§ 1130-77 (2016).

escheatment.

### C. DR. SAUNDERS HAS MET HIS MINIMAL BURDEN TO SURVIVE DISMISSAL.

Our Supreme Court has set a "low threshold for the use of the doctrine of inherently unknowable injury."[46]  Just the same, there is a low threshold on what a plaintiff must demonstrate to survive a motion to dismiss.[47]  Dr. Saunders has met his low burden here in both respects.  He has alleged facts sufficient to put the Defendants on notice of his claim.  And he has alleged enough facts that it is reasonably conceivable he might well gain tolling of the statute of limitations he faces.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **DENIED**.

As both parties agree, there is no doubt Dr. Saunders filed his suit well after the statute of limitations had run.  And as both acknowledged at argument, a fuller, but targeted, record might well resolve certain key factual questions on the tolling-

---

[46]  *Certainteed Corp. v. Celotex Corp.*, 2005 WL 217032, at *9 (Del. Ch. Jan. 24, 2005) (citing *Wal-Mart*, 860 A.2d 312); *see also Serviz, Inc. v. ServiceMaster Co., LLC*, 2022 WL 1164859, at *5 (Del. Super. Ct. Apr. 19, 2022).

[47]  *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005) ("the threshold for the showing a plaintiff must make to survive a motion to dismiss is low"); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003) ("An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it." (citations omitted)).

exception issue.  To that end, the parties shall meet-and-confer within two weeks of this date for purpose of setting an expedited schedule to complete the limited discovery necessary.  After the taking of that discovery—given the record and arguments addressed here—the parties may file abbreviated summary judgment applications on the applicability of the inherently unknowable injury doctrine as a tolling mechanism here.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

cc: All Counsel via File and Serve