AHMED N. ABDI and ZAHRA MOHAMED, Plaintiffs Below, Appellants,
v.
NVR, INC., t/a RYAN HOMES, Defendant Below, Appellee.
No. 560, 2007.
Supreme Court of Delaware
Submitted: February 20, 2008.
Decided: March 25, 2008.
Before, HOLLAND, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice.
This 25th day of March 2008, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Ahmed N. Abdi and Zahra Mohamed, the plaintiffs below, appeal from a Superior Court decision granting summary judgment to the defendant, NVR, Inc. t/a Ryan Homes ("NVR"). Plaintiffs contend that the trial court erred in ruling that their claims were barred under the applicable statutes of limitations and in granting summary judgment to NVR on that basis, because (the plaintiffs contend) NVR failed to timely assert the defense of limitation. We affirm.
2. The plaintiffs executed an agreement to purchase a newly constructed house from NVR in January 1999, and settled on the property in August 1999. In February 2000, the plaintiffs began experiencing problems with their basement bathroom. On one occasion, sewage backed up in the sewer line and entered the basement bathroom. Both NVR and New Castle County were informed of the problem. From then on, the plaintiffs continued to have problems until New Castle County installed a backwater valve in January 2003.
3. On August 5, 2004, the plaintiffs brought an action in the Superior Court against NVR asserting negligence and breach of warranty. In its Answer to the Complaint, NVR asserted only one affirmative defensefailure to state a claim. On December 1, 2005, NVR moved for Leave to Amend its Answer with "the only proposed changes [being] the addition of the affirmative defenses of estoppel, waiver, statute of limitations and contributory negligence." The proposed Amended Answer was attached as an exhibit to the motion. After a hearing on January 9, 2006, the trial court granted the motion. NVR, however, never formally amended its Answer to the Complaint.
4. On June 1, 2007, NVR moved for summary judgment on the grounds that the statutes of limitations had expired and that the plaintiffs had waived any claims for breach of warranty by signing the purchase agreement for the property. On August 17, 2007 the Superior Court issued an opinion granting summary judgment to NVR.[1] This appeal followed.
5. The plaintiffs' sole claim is that the Superior Court erred as a matter of law in ruling that their claims were barred under the applicable statutes of limitations, because NVR failed to timely assert the limitations defense. This Court reviews a decision granting summary judgment de novo.[2] We also review de novo the trial court's formulation and application of legal principles.[3]
6. Superior Court Civil Rule 8(c) states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... [the defense of] statute of limitations."[4] Rule 12(b) also provides that "[e]very defense, in law or in fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required."[5] We have held that these Rules require a defendant to plead the limitations affirmative defense in its answer to the complaint and that failure to do so constitutes a waiver of the right to assert that defense.[6] Here, it is undisputed that the only defense raised by NVR in its Answer was "failure to show cause." But, in accordance with Superior Court Civil Rule 15(a), NVR later moved for leave to amend its Answer to include a limitations defense. The Superior Court granted that motion.[7] The question therefore becomes whether these actions by NVR were sufficient to satisfy the procedural requirements prescribed in the Superior Court Civil Rules. We have held that Superior Court Civil Rule 15 "directs the liberal granting of amendments when justice so requires" and that "[i]n the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend."[8]
7. NVR's motion for leave to amend its answer was filed on December 1, 20052015within the deadline prescribed by the Superior Court's Scheduling Order for filing motions to amend or supplement pleadings.[9] Nothing in the record indicates that the trial court abused its discretion in granting NVR's motion for leave to amend. Contrary to the plaintiffs' submissions on appeal, the docket reflects that the plaintiffs did not submit a timely response opposing NVR's motion.[10] The Superior Court noted in its opinion that the "[p]laintiffs impliedly consented to the statute of limitations amendment by failing to object to [NVR]'s motion to amend." [11] Therefore, the Superior Court properly granted NVR's motion for leave to amend its answer.
8. The plaintiffs next argue that although NVR was given leave to amend its answer to assert the limitations defense, it never filed an amended answer. The plaintiffs assert that the limitations affirmative defense was raised for the first time in NVR's Motion for Summary Judgment (filed 15 months later). In our view, that position clearly lacks merit. NVR's proposed Amended Answer was attached as an exhibit to its motion for leave to amend, and, as such, was communicated to the plaintiffs. Thus, as of December 2005, the plaintiffs were on notice that NVR intended to rely on that defense. Accordingly, the plaintiffs' claim that they were surprised and prejudiced by NVR's summary judgment motion premised on that defense lacks both legal and factual support.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Abdi v. NVR, Inc., 2007 WL 2363675 (Del. Super).
[2] Emerald Partners v. Berlin, 726 A.2d 1215, 1219 (Del. 1999) (citing Arnold v. Society for Savings Bancorp, Inc., 650 A.2d 1270, 1276 (Del. 1994)).
[3] Id. at 1224 (citing Gilbert v. El Paso Co., 575 A.2d 1131, 1142 (Del. 1990)).
[4] Super. Ct. Civ. R. 8(c).
[5] Super. Ct. Civ. R. 12(b).
[6] See Kaplan v. Jackson, 1994 WL 45429, at *2 (Del. Super.) (citing Tydings v. Loewenstein, 505 A.2d 443, 446 (Del. 1986)) ("Superior Court Rule 12(b) requires a defendant to plead a statute of limitations affirmative defense in his or her Answer. Generally, if a defendant does not plead an affirmative defense, he or she waives that defense.")
[7] Super. Ct. Civ. R. 15(a) relevantly provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."
[8] Mullen v. Alarmguard of Delmarva, Inc., 625 A.2d 258, 263 (Del. 1993) (emphasis supplied).
[9] According to the Scheduling Order dated May 26, 2005, the parties had until December 1, 2005 to file any motions to supplement or amend pleadings. The plaintiffs do not dispute that NVR could not have asserted the limitations affirmative defense before certain documents were produced, and certain interrogatories were answered, by the plaintiffs. These actions only occurred in November 2005 and January 2006, respectively.
[10] The Answer to the Motion for Leave to Amend that appears in the App. to Appellant's Am. Opening Br., at A-22 does not appear on the docket sheet. This Court's research on Lexis Nexis File and Serve indicates that the document was rejected by the Superior Court clerk as being untimely submitted.
[11] Abdi v. NVR, Inc., 2007 WL 2363675 at *2 (Del. Super). See also Filliben v. Jackson, 247 A.2d 913, 914 (Del. 1968) (failure to object to an amendment of a pleading is implied consent).