# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NANCY HART, an individual, and SCOTT HART, her husband, | § § § | |
| Plaintiffs Below, Appellants, | § § § | No. 472, 2019 |
| v. | § § | Court Below – Superior Court of the State of Delaware |
| DANIEL PARKER, an individual, THE ESTATE OF DANIEL PARKER, Deceased, DANIEL PARKER, SR., MICHAEL PARKER, LINDA WOTHERS, jointly, severally and/or in the alternative, | § § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: May 6, 2020
Decided: July 9, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Superior Court. **REVERSED** and **REMANDED.**

Melissa L. Rhoads, Esquire, TIGHE & COTTRELL, P.A., Wilmington, Delaware, *for Plaintiffs-Appellants*.

Scott L. Silar, Esquire, REGER RIZZO & DARNELL LLP, Wilmington, Delaware, *for Defendants-Appellees*.

**MONTGOMERY-REEVES**, Justice:

Appellants, Nancy and Scott Hart, filed a complaint in the Superior Court alleging tort damages from an automobile accident caused by Daniel Parker. Before the Harts filed their complaint, Daniel Parker passed away. The Harts were unsure as to whether Parker was still alive when they filed their complaint and named both Parker and the Estate of Daniel Parker (the "Estate") as defendants. The Appellee, the Estate, moved to dismiss the Harts' complaint on numerous grounds. The Superior Court granted the Appellee's motion, holding that the complaint was time-barred by 12 *Del. C.* § 2102(a).

On appeal, the Harts challenge the Superior Court's order dismissing their claims against the Estate and argue that the Superior Court erred as a matter of law when it held that the Harts' claims were time-barred by Section 2102(a). This Court agrees that the Harts' claims are not time-barred by Section 2102(a), reverses the dismissal, and remands to the Superior Court for further proceedings consistent with this opinion.

## I.    BACKGROUND

On January 17, 2019, Parker ran a red stop light while driving and was in an automobile accident with Nancy Hart. On January 25, 2017, Hart provided Parker's insurance carrier with notice of claim for her injuries caused by the accident. As a

result, Hart and the insurance carrier began to negotiate a potential settlement of Hart's claims.

Parker passed away on May 10, 2017. Hart was unaware of Parker's death and continued to engage in settlement discussions with Parker's insurance carrier. On June 2, 2017, Hart provided the insurance carrier with more information about her injuries and requested that the matter be resolved for $300,000, Parker's policy limit. After back-and-forth correspondence, Hart and Parker's insurance carrier could not reach an amicable settlement. On May 29, 2018, Hart rejected the insurance carrier's proposed settlement.

While preparing for litigation, Hart discovered an obituary for Daniel Parker, a Wilmington resident who died on May 10, 2017, but she did not know whether it was the same Daniel Parker involved in her case. On September 14, 2018, Hart informed the insurance carrier that she intended to file a complaint with the Superior Court and sent a draft complaint naming both Daniel Parker and the Estate of Daniel Parker as defendants.

On January 10, 2019, Nancy and Scott Hart[1] filed the complaint against Parker, the Estate, and other defendants. On May 24, 2019, the Estate filed a motion to dismiss arguing two grounds for dismissal. First, the motion argued that because no one ever created an estate for Parker after his death, the Harts sued a nonexistent

---

[1] Scott Hart is Nancy Hart's husband.

entity. Second, the motion argued that the claim was untimely because it was not filed within eight months of Parker's death.

On October 29, 2019, the Superior Court issued an order granting the Appellee's motion to dismiss the complaint for failing to present the claims within eight months of Parker's death.[2] The Harts now appeal the Superior Court's order.

## II. STANDARD OF REVIEW

This Court reviews a judgment on a motion to dismiss *de novo*.[3] We must determine whether the trial judge erred as a matter of law in formulating or applying legal precepts.[4] At the motion to dismiss phase, we accept all of plaintiff's well-pled facts as true and draw all reasonable inferences in plaintiff's favor.[5] The motion should be granted only if "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[6]

## III. ANALYSIS

On appeal, the Harts argue that the Superior Court erred in holding that the Harts' complaint was untimely under 12 *Del. C.* § 2102. Further, the Harts argue

---

[2] The Superior Court also issued a second order granting the motion to dismiss filed by Parker's relatives, also named as defendants. *See* Appendix to the Opening Br. 1.

[3] *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 438 (Del. 2005).

[4] *Id.* (citing *Gadow v. Parker*, 865 A.2d 515, 518 (Del. 2005)).

[5] *Olenik v. Lodzinski*, 208 A.3d 704, 714 (Del. 2019).

[6] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011) (citations omitted).

that they should be permitted to open the Estate of Daniel Parker, to amend their complaint, and to continue this litigation.

For the reasons that follow, we reverse the Superior Court's dismissal and remand this case for consideration of whether the Harts can now open Parker's estate and continue this litigation.

### 1. The Harts' Claims are Not Time-Barred under 12 *Del. C.* § 2102

The Harts first argue that the Superior Court erred as a matter of law in holding that their complaint was time-barred by the eight-month statutory time limit in 12 *Del. C.* § 2102(a). Instead, the Harts argue that 12 *Del. C.* § 2102(f) unambiguously exempts the complaint from the eight-month time requirement because the complaint only seeks recovery from Parker's insurance carrier.[7]

Title 12, Section 2102 of the Delaware Code governs the "Limitations on claims against estate." Section 2102(a) places a time limitation on presenting claims against a deceased person's estate:

> All claims against a decedent's estate which arose before or at the death of the decedent, including claims of the State and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis . . . if not barred earlier by other statute of limitations, are barred against the estate, the personal representative and the heirs and devisees of the decedent unless presented as provided in § 2104 of this title within 8 months of the

---

[7] Opening Br. 13-17.

decedent's death whether or not the notice [of the decedent's death] referred to in § 2101 has been given.[8]

Relatedly, Section 2104 states, "Claims against a decedent's estate may be presented . . . to the personal representative [via] a written statement of claim indicating its basis, the name and address of the claimant and the amount claimed, or [a claimant] may file a written statement of claim . . . with the Register of Wills."[9]

Section 2102(f) addresses liability claims covered by insurance. It states that "[n]othing in this section affects or prevents, to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which the decedent is protected by liability insurance."[10]

The Superior Court's October 29 order held that, under Sections 2102(a) and 2104, the Harts "failed to present their claims against defendant in a timely manner."[11] The court stated that while Section 2102(a) imposes an eight-month limit for plaintiffs to present claims against an estate, the Harts "never delivered a written statement of the claim with the Register of Wills . . . [and] brought the instant action on January 10, 2019, twenty months after Mr. Parker's death."[12] Further, the court held that "[t]he eight-month time limitation set forth in § 2102 applies 'whether or

---

[8] 12 *Del. C.* § 2102(a).
[9] *Id.* § 2104.
[10] *Id.* § 2102(f).
[11] Opening Br. Ex. A, at 4.
[12] *Id.*

not the notice referred to in [12 *Del. C.* § 2104] has been given.' Thus, it does not matter when the Plaintiffs learned of Mr. Parker's death."[13]

The Superior Court correctly held that Section 2102(a) unambiguously imposes an eight-month time requirement for presenting claims to an estate; however, in dismissing the Harts' complaint, the Superior Court relied entirely on Sections 2102(a) and 2104 and failed to mention or analyze Section 2102(f). Section 2102(f) allows for the resolution of claims covered by insurance even when the plaintiff fails to satisfy 2102(a)'s time requirement. That provision contains no limiting language and makes no reference to the time limit in Section 2102(a). To the contrary, Section 2102(f) expressly trumps the time requirement in Section 2102(a) by stating that "nothing in this section affects or prevents" any proceeding to establish liability as long as that proceeding only imposes liability "to the limits of insurance protection."[14]

Further, this construction of Section 2102's plain language promotes a prudent policy of allowing claimants to bring claims after the eight-month deadline only when those claims will not financially affect the estate. When claims against an estate are fully covered by insurance, the estate itself suffers no harm from any judgment and there is no danger that those claims would disturb the distribution and

---

[13] *Id.* at 5.
[14] 12 *Del. C.* § 2102(f).

resolution of the estate. Instead, Section 2102(f) allows claimants to pursue their claims against insurance carriers that would have otherwise been subject to liability absent the insured defendant's death. For these reasons, the eight-month limitations period in Section 2102(a) does not apply to claims covered by insurance that fall under Section 2102(f).[15]

Here, the Harts sought a judgment against Parker's Estate for up to $300,000—the limit of Parker's insurance coverage. Should the Harts succeed with their claim, the effect of any judgment would not be felt by Daniel Parker, his estate, or his heirs, but would instead fall to the carrier of Parker's liability insurance. Thus, the Harts' claim falls squarely within Section 2102(f)'s exception and need not satisfy Section 2102(a)'s eight-month time requirement. As such, the Superior Court erred in holding the complaint was time-barred by Section 2102(a).

---

[15] Notably, the other courts that have considered this issue reached the same conclusion regarding Section 2102(f)'s plain language. *See Miller v. William*, C.A. No. N10C-10-121, at *8 (Del. Super. Apr. 25, 2012) ("2102(f) allows those claimants who have not complied with the eight-month requirement to bring suit against the estate, but restricts the claimant's recovery 'to the limits of the insurance policy.'"); *Harden v. Allstate Ins. Co.*, 883 F. Supp. 963, 974 (D. Del. 1995) ("The text of the statute [Section 2102(f)] seems to intend to allow claims against an estate after the eight-month deadline [imposed by Section 2102(a)] only if they will not affect it financially."); *Sokolowski v. Flanzer*, 769 F.2d 975 (4th Cir. 1985) ("A plain reading of section 2102(f) indicates that the Delaware legislature intended to impose no procedural conditions on the pursuit of an action under that section. . . . The insurance exception is contained in section 2102(f) and states nothing about a statute of limitations for any action against an estate involving insurance coverage.").

8

## 2. The Superior Court Failed to Adequately Consider the Harts' Request to Amend the Complaint

Although the Harts' claim was not time-barred by Section 2102, it is undisputed that the Estate of Daniel Parker was never opened, and therefore, the Estate does not exist. The Harts argue that they should be permitted to amend their complaint to "seek the appointment of a personal representative of an estate for Defendant Daniel Parker so that their Complaint may proceed" because they were unaware of Parker's death when they filed their complaint.[16] Since the Harts concede that the two-year statute of limitations in 10 *Del. C.* § 8119 has run,[17] they seek to have their amendment relate back to the date of the original complaint.[18]

The Appellee responds that the Harts should not be permitted to amend their complaint even if it is not time-barred because "there is no argument or reason given why [the Harts] simply did not undertake [to open Parker's estate] once they discovered Daniel Parker was deceased [in September 2018]."[19] Thus, the Appellee argues that the Harts were "inexcusably careless" in pursuing the action in the first instance and should not be allowed to open the estate now.[20]

---

[16] Opening Br. 15.
[17] 10 *Del. C.* § 8119 imposes a two-year statute of limitations on "action[s] for the recovery of damages upon a claim for alleged personal injuries." The Harts' complaint was originally filed on January 10, 2019, three days after the two-year mark. Reply Br. 7.
[18] Reply Br. 12.
[19] Answering Br. 9.
[20] *Id.*

While the Superior Court's October 29 order ruled that the Harts could not open Parker's estate, the court appears to have based its ruling on its primary holding that the Harts' complaint was time-barred under Section 2102(a). The court "acknowledge[ed] that The Estate of Daniel Parker does not exist," but the court stated that "[h]ad Plaintiffs properly presented their claim in accordance with § 2104, Plaintiffs would have been able to seek the appointment of a personal representative of Daniel Parker."[21] Thus, since the Harts did not present their claim within the eight-month limitations period, the court held that they could not "ask [the court] now to open an estate for Mr. Parker."[22] Because the court's Section 2102 holding was erroneous, its secondary holding that the Harts cannot seek to open Parker's estate is similarly flawed. Therefore, the Superior Court erred in denying the Harts' request to open an estate on the sole basis that they did not present the claim within eight months of Parker's death.

### 3. The Remaining Issues for Remand

While the court's reasoning for denying the Harts' requested amendment was flawed, the decision to permit such an amendment is ultimately a matter of discretion

---

[21] Opening Br. Ex. A, at 5.
[22] *Id.*

for the Superior Court.[23] Therefore, since the court offered no basis for its decision to grant dismissal outside of its holding that the complaint was untimely under Section 2102(a), this Court remands to the Superior Court to answer two unresolved questions. First, must the Harts' complaint be dismissed because the Estate of Daniel Parker was a necessary named party, but the Estate was never opened and does not exist? Second, if the Harts' complaint must be dismissed because the Estate was not opened, should the Harts be permitted to open the Estate, amend their complaint, and proceed with this litigation? The Superior Court should not take this narrow order to imply a preferred result, and in answering these questions, the Superior Court is free to exercise its discretion and respond to any additional arguments made by the parties.

## IV. CONCLUSION

Based on the foregoing, the Superior Court's October 29, 2019 order is REVERSED, and we REMAND for proceedings in conformity with this opinion.

---

[23] *Abdi v. NVR, Inc.*, 2008 WL 787564, at *1 (Del. Mar. 25, 2008) ("We have held that Superior Court Civil Rule 15 'directs the liberal granting of amendments when justice so requires' and that '[i]n the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend.'") (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del.1993)).