# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY COOK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-03-208 JRJ |
| | ) | |
| J AND V TRUCKING | ) | |
| COMPANY, INC., and | ) | |
| J & V TRUCKING, INC., | ) | |
| Jointly and Severally, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: August 28, 2020
Date Decided: September 30, 2020

*Upon Plaintiff's Motion to Amend Complaint*: **GRANTED.**

Leroy A. Tice, Esquire, and Charles H. Toliver, IV, Esquire, Leroy A. Tice, Esquire P.A., 1203 North Orange Street, Second Floor, Wilmington, Delaware 19801, *Attorneys for Plaintiff.*

Tiffany M. Shrenk, Esquire, MacElree Harvey, LTD, 5721 Kennett Pike, Centreville, Delaware 19807, *Attorney for J and V Trucking Company, Inc.*

Amy M. Taylor, Esquire, Heckler & Frabizzio, 800 Delaware Avenue, Suite 200, Wilmington, Delaware 19899, *Attorney for J and V Trucking Company, Inc.*

**Jurden, P.J.**

# I. INTRODUCTION

This is the Court's decision on Plaintiff's Motion to Amend Complaint (the "Motion").[1] For the reasons set forth below, the Court finds that Plaintiff has satisfied the requirements of Delaware Superior Court Civil Rule 15 ("Rule 15"), which governs the amendment of pleadings and the relation back of those amendments. The Court also finds that justice requires granting Plaintiff leave to amend his Complaint by adding his wife's loss of consortium claim. Accordingly, Plaintiff's Motion is **GRANTED**.

# II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 26, 2016, Plaintiff Leroy Cook, Jr. ("Plaintiff") and Cruz Garcia were involved in a vehicle collision.[2] At the time of the collision, Garcia was operating a tractor owned by J and V Trucking Company, Inc.[3] After the collision, Plaintiff and Garcia exited their vehicles, and a physical altercation ensued between them.[4]

On March 20, 2017, Plaintiff filed a five-count Complaint against Garcia, J and V Trucking Company, Inc., and J&V Trucking, Inc.[5] Counts I, II, and III are claims against Garcia, whom the Court dismissed from the case by its October 15,

---

[1] Motion to Amend Complaint (Trans. ID. 65840669).
[2] Complaint, at ¶ 7 (Trans. ID. 60360174); Answer at ¶ 7 (Trans. ID. 64844467); Response in Opposition to Motion to Amend Complaint, at ¶ 1 (Trans. ID. 65864205).
[3] Complaint, at ¶ 6 (Trans. ID. 60360174); Answer at ¶ 6 (Trans. ID. 64844467).
[4] Complaint, at ¶ 8 (Trans. ID. 60360174); Response in Opposition to Motion to Amend Complaint, at ¶¶ 1–2 (Trans. ID. 65864205).
[5] Complaint (Trans. ID. 65864205).

2019 order.[6] Count IV is a *respondeat superior* claim, arising out of Garcia's alleged conduct, which Plaintiff asserts against J and V Trucking Company, Inc. and J & V Trucking, Inc. (collectively, "Defendants").[7] Count V is a negligent hiring, retention, and supervision claim, which Plaintiff also asserts against Defendants.[8] On March 19, 2020, Defendants answered Plaintiff's Complaint.[9]

On August 11, 2020, Plaintiff filed the instant Motion.[10] On August 20, 2020, Defendants filed their response in opposition to the Motion.[11] On August 28, 2020, Plaintiff filed a letter in reply.[12]

## III. PARTIES' CONTENTIONS

Plaintiff seeks to amend his Complaint by adding a loss of consortium claim on behalf of his wife, Kimberly Cook.[13] Defendants argue that Plaintiff's proposed amendment is improper because it would add not only a claim but also a party.[14] Defendants further argue that (1) the applicable statute of limitations bars the loss of

---

[6] Order Granting Plaintiff's Motion to Dismiss Defendant Cruz Garcia (Trans. ID. 64317721).

[7] Complaint, at ¶¶ 20–23 (Trans. ID. 65864205). Although Plaintiff's original Complaint names J and V Trucking Company, Inc. and J & V Trucking, Inc. as distinct corporate defendants, both defense counsel have entered their appearances only for J and V Trucking Company, Inc. Entry of Appearance for Amy M. Taylor, Esquire (Trans. ID. 60729787); Entry of Appearance for Tiffany M. Shrenk, Esquire (Trans. ID. 60902793). Nonetheless, throughout this opinion, the Court will follow Plaintiff by treating the corporate defendants as distinct entities.

[8] *Id.* at ¶¶ 24–34.

[9] Answer (Trans. ID. 64844467).

[10] Motion to Amend Complaint (Trans. ID. 65840669).

[11] Response in Opposition to Motion to Amend Complaint (Trans. ID. 65864205).

[12] Letter in Reply (Trans. ID. 65884423).

[13] Motion to Amend Complaint, at 1 (Trans. ID. 65840669).

[14] Response in Opposition to Motion to Amend Complaint, at ¶ 3 (Trans. ID. 65864205).

consortium claim;[15] (2) the Motion was filed after the deadline to amend, which was established in the Trial Scheduling Order issued on November 21, 2019;[16] and (3) Plaintiff's wife has delayed in bringing her claim and now wishes to do so despite having failed to put Defendants on notice.[17]

Plaintiff agrees that his proposed amendment would add his wife as a party—but only to allow her to advance her loss of consortium claim.[18] To that point, Plaintiff emphasizes that his proposed amendment invokes Rule 15(c)(2), which allows certain claims and defenses to relate back to the date of a party's original pleading.[19] Lastly, Plaintiff concedes that his Motion exceeds the established filing deadline, but he argues that Defendants have not shown what prejudice they would face should the Court grant it nonetheless.[20]

## IV. DISCUSSION

### A. Superior Court Civil Rule 15(a)

Rule 15(a) governs when and how parties may amend their pleadings.[21] It provides:

---

[15] *Id.* at ¶ 4.
[16] *Id.* at ¶ 5.
[17] *Id.* at ¶ 6.
[18] Letter in Reply, at 2 (Trans. ID. 65884423); Trial Scheduling Order at 5, ¶ 12 (Trans. ID. 64453357).
[19] Letter in Reply, at 2 (Trans. ID. 65884423)
[20] *Id.* at 3.
[21] Del. Super. Ct. Civ. R. 15(a); *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) ("Rule 15(a) affords the parties the right, *inter alia*, to state additional claims, to increase

4

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders.[22]

Here, Defendants have filed an answer in response to Plaintiff's original Complaint[23] and have not given Plaintiff their written consent to amend it.[24] Accordingly, Plaintiff may amend his Complaint only if the Court grants him leave, which the Court must do if "justice so requires."[25]

The Delaware Supreme Court's Rule 15 jurisprudence instructs that, "in the absence of prejudice to another party, the trial court is required to exercise its discretion *in favor of granting leave* to amend."[26] Further, a party's "delay alone is not a sufficient basis to deny amendment of the pleadings, . . . although inexcusable delay and repeated attempts at amendment may justify denial."[27] Keeping this

---

the amount of damages sought, to establish additional defenses and to change the capacity in which the action was commenced." (citation omitted)).

[22] Del. Super. Ct. Civ. R. 15(a).

[23] Answer (Trans. ID. 64844467).

[24] *See generally* Response in Opposition to Motion to Amend Complaint (Trans. ID. 65864205).

[25] Del. Super. Ct. Civ. R. 15(a).

[26] *Abdi v. NVR, Inc.*, 2008 WL 787564, at *1 (Del. Mar. 25, 2008) (brackets and internal quotation marks omitted) (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)).

[27] *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) (brackets and citations omitted).

5

instruction in mind, the Court must determine to what extent, if any, Defendants would be prejudiced should the Court grant Plaintiff leave to amend his Complaint.

In his Motion, Plaintiff asserts that "Defendants will not be prejudiced by the presentation of the [loss of consortium] claim or the preparation of their defense."[28] Defendants see it differently, arguing that they have been subjected to unreasonable delay and untimely notice.[29] They contend that Plaintiff's wife could have brought her loss of consortium claim as early as May 26, 2016—the day of the incident— because she and Plaintiff were married on that day.[30] Yet, Defendants note, it was not until Plaintiff filed the instant Motion on August 11, 2020 that Defendants received notice of the claim.[31]

Plaintiff avers that the loss of consortium claim "arises out of the same facts and circumstances originally pled, the proof of which will be established principally from evidence that will be presented in support of . . . Plaintiff's primary claim."[32] While Plaintiff concedes that he filed his Motion after the February 21, 2020 deadline, he maintains that Defendants have failed to show prejudice.[33] Indeed,

---

[28] Motion to Amend Complaint, at 1 (Trans. ID. 65840669).
[29] *See* Response in Opposition to Motion to Amend Complaint, at ¶ 6 (Trans. ID. 65864205).
[30] *Id.*
[31] *See id.*
[32] Letter in Reply, at 3 (Trans. ID. 65884423).
[33] *Id.*; Trial Scheduling Order at 5, ¶ 12 (Trans. ID. 64453357).

Plaintiff asserts that prejudice would be difficult for Defendants to show because the case is still in its early stages.[34]

"It is the general policy in this jurisdiction to freely permit amendments to pleadings unless the opposing party would be seriously prejudiced by the amendment."[35] In light of Delaware's strong presumption "in favor of granting leave to amend,"[36] and because the Court finds that Defendants have not shown that they would suffer any prejudice,[37] pursuant to Rule 15(a), the Court finds that justice requires granting Plaintiff leave to amend his Complaint by adding his wife's loss of consortium claim.

### B. Superior Court Civil Rule 15(c)

If Rule 15(c) is satisfied, an amendment to a pleading made pursuant to Rule 15(a) takes effect as if the pleading had reflected the amendment all along.[38] The amendment thus "avoid[s] application of the statute of limitations."[39] Rule 15(c) provides:

---

[34] *See* Letter in Reply, at 2 (Trans. ID. 65884423).

[35] *Cordrey v. Doughty*, 2017 WL 4676593, at *3 (Del. Super. Ct. Oct. 11, 2017) (citation omitted).

[36] *Abdi v. NVR, Inc.*, 2008 WL 787564, at *1 (Del. Mar. 25, 2008) (emphasis and internal quotation marks omitted) (quoting *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993)).

[37] As Plaintiff suggested, adding the loss of consortium claim should not cause Defendants to have to reconfigure their litigation strategy. The claim will be based on allegations Plaintiff asserted in his original Complaint. Letter in Reply, at 2 (Trans. ID. 65884423). After all, "loss of consortium is a derivative claim." *Deuley v. DynCorp International, Inc.*, 8 A.3d 1156, 1166 (Del. 2010).

[38] *See Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 263 (Del. 1993) ("Rule 15(c) . . . establish[es] a series of requirements that must be satisfied if the movant wishes to render the amendment effective as of the time of the filing of the original complaint.").

[39] *Chaplake Holdings, Ltd. v. Chrysler Corp.*, 766 A.2d 1, 6 (Del. 2001).

An amendment of a pleading relates back to the date of the original pleading when

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[40]

Relying on Rule 15(c)(2), Plaintiff argues that the loss of consortium claim relates back to the date on which he filed his original Complaint.[41] Whether Plaintiff's claim relates back in this way is significant because, as Defendants point out, the two-year statute of limitations would otherwise bar it.[42]

---

[40] Del. Super. Ct. Civ. R. 15(c).

[41] Letter in Reply, at 2 (Trans. ID. 65884423).

[42] Response in Opposition to Motion to Amend Complaint, at ¶ 4 (citing 10 *Del. C.* § 8119) ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . .") (Trans. ID. 65864205).

Pursuant to Rule 15(c)(2), only a claim that arises "out of the conduct, transaction, or occurrence set forth" in the original complaint may relate back to the original complaint's filing date.[43] Plaintiff asserts that his wife's claim meets this standard because his wife seeks to recover "for the loss of consortium she is alleging to have suffered as a result of the events of May 26, 2016."[44] Defendants do not dispute in their briefing that the loss of consortium claim satisfies Rule 15(c)(2).

The Court finds that the loss of consortium claim is based on the same "conduct, transaction, or occurrence" alleged in Plaintiff's original Complaint.[45] Accordingly, the loss of consortium claim will relate back to the date on which Plaintiff filed his original Complaint: March 20, 2017.[46] As a result, the claim is deemed to have been filed within two years of the May 26, 2016 incident and thus avoids application of the two-year statute of limitations.[47]

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend Complaint is **GRANTED**. Justice requires that the Court grant leave for Plaintiff to amend his

---

[43] Del. Super. Ct. Civ. R. 15(c)(2).
[44] Letter in Reply, at 2 (Trans. ID. 65884423).
[45] Del. Super. Ct. Civ. R. 15(c)(2).
[46] Complaint (Trans. ID. 65864205).
[47] 10 *Del. C.* § 8119.

Complaint to add his wife's loss of consortium claim. Because that claim arose "out of the conduct, transaction, or occurrence" set forth in Plaintiff's original Complaint, it relates back to March 20, 2017, the date on which Plaintiff filed his original Complaint.[48] Defendants must respond to Plaintiff's amended Complaint within 10 days of receiving service of that Complaint.[49]

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

cc: Prothonotary

---

[48] Del. Super. Ct. Civ. R. 15(c)(2).

[49] Del. Super. Ct. Civ. R. 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders.")