# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CANDACE OWENS, in her individual )
capacity, and CANDACE OWENS, LLC, )
a Delaware limited liability company, )
                           )
           Plaintiffs, )
                           )     C.A. No. S20C-10–016 CAK
    - against - )
                           )
LEAD STORIES, LLC, a Colorado )
limited liability company, and GANNETT )
SATELLITE INFORMATION )
NETWORK, LLC d/b/a USA TODAY, a )
Delaware limited liability company, )
                           )
           Defendants. )

Submitted: June 11, 2021
Decided: June 21, 2021

*Plaintiffs' Motion for Leave to File and Serve First Amended Complaint under Delaware Superior Court Civil Rule 15*

**GRANTED**

## MEMORANDUM OPINION AND ORDER

Sean J. Bellew, Esquire, Bellew LLC, 2961 Centerville Road, Suite 302, Wilmington, DE 19808, Attorney for Plaintiffs.

Todd V. McMurtry, Esquire and Jeffrey A. Standen, Esquire, Hemmer DeFrank Wessels, PLLC, 250 Grandview Drive, Suite 500, Fort Mitchell, KY41017, Attorneys for Plaintiffs (*Pro Hac Vice*).

John P. Coale, Esquire, 2901 Fessenden Street, NW Washington, DC 20008, Attorney for Plaintiffs (*Pro Hac Vice*).

Garvan McDaniel, Esquire, Hogan McDaniel, 1311 Delaware Avenue, Wilmington, DE 19806, Attorney for Defendant Lead Stories, LLC.

Craig Weiner, Esquire and Reena Jain, Esquire, Akerman LLP, 1251 Avenue of the Americas, 37th Floor, New York, NY 10020, Attorneys for Defendant Lead Stories, LLC (*Pro Hac Vice*).

Steven T. Margolin, Esquire, Lisa Zwally Brown, Esquire and Samuel L. Moultrie, Esquire; Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801, Attorneys for Defendant Gannett Satellite Information Network, LLC.

Michael J. Grygiel, Esquire and Cynthia Neidl, Esquire, Greenberg Traurig, LLP, 54 State Street, 6th Floor, Albany, NY 12207, Attorneys for Defendant Gannett Satellite Information Network, LLC (*Pro Hac Vice*).

Michael Pusateri, Esquire, Greenberg Traurig, LLP, 2101 L Street, NW, Suite 1000, Washington, DC 20037, Attorney for Defendant Gannett Satellite Information Network, LLC (*Pro Hac Vice*).

**KARSNITZ, J.**

Under the Delaware Superior Court Civil Rules, Plaintiffs "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."[1] Neither Defendant has filed an Answer or other responsive pleading to Plaintiffs' original Complaint (the "Complaint"). Defendants have filed Motions to Dismiss, but a Motion to Dismiss is not a "responsive pleading."[2] Therefore, Plaintiffs may amend as a matter of course, without seeking leave of this Court. Instead of doing so, however, Plaintiffs asked me for leave to amend. In addition, the Superior Court Civil Rules require Plaintiffs to "indicate plainly in the amended pleading in what respect the amendment differs from the pleading which it amends."[3] Plaintiffs' Motion for Leave to File and Serve First Amended Complaint (the "Motion") includes a redlined version of the Amended Complaint as an Exhibit, thereby complying with this requirement. I view Plaintiffs' Motion as uncontroversial and grant it.

In my view, Plaintiffs may amend the Complaint as a matter of right. Even if I were to exercise discretion in the matter, as Defendants ask me to do, the Superior Court is required to exercise its discretion in favor of granting leave to

---

[1] Super. Ct. Civ. R. 15(a).
[2] *R. Keating & Sons, Inc. v. Huber*, 2020 WL 975435 (Del. Super. Feb. 27, 2020); *Ward v. CareFusion Solutions, LLC*, 2018 WL 1320225 (Del. Super. March 13, 2018).
[3] Super. Ct. Civ. R. 15(aa).

1

amend.[4] Leave to amend shall be "freely given," and Superior Court Rule 15 should be "liberally construed."[5] Amendments to pleadings shall be "fully allowed" in the absence of prejudice to the opposing party.[6] Delay alone is insufficient reason to deny leave to amend,[7] and in any event Plaintiffs have already drafted their First Amended Complaint.

The First Amended Complaint contains no new causes of action, no new theories of liability, and no new alleged elements of a cause of action. Rather, Plaintiffs are amending their Complaint to respond to concerns I articulated about the existence of a contract between Plaintiffs and Facebook, particularly in light of the Eleventh Circuit's unpublished decision in *Illoominate Media, Inc. v. CAIR Fla., Inc.*[8] *Illoominate* was decided *after* Plaintiffs filed the original Complaint. The First Amended Complaint provides additional factual allegations to distinguish the instant case from the facts discussed in the *Illoominate* opinion. The First Amended Complaint supplies additional factual allegations to support the existence of such a contract, assuming these allegations are proven to be true. Because I expressed the need for greater details supporting the existence of a contract with

---

[4] *Cook v. J & V Trucking Company, Inc.*, 2020 WL 5846630 (Del. Super. Sept. 30, 2020) (citing *Abdi v. NVR, Inc.*, 945 A.2d 1167 (Del. 2008)).

[5] *E.K. Geyser Co. v. Blue Rock Shopping Ctr., Inc.*, 229 A.2d 499, 501 (Del. Super. April 26, 1967).

[6] *Chrysler Corp. v. New Castle Cty.*, 464 A.2d 75, 84 (Del. Super. June 8, 1983).

[7] *Id.*; *Bailey v. Crowson*, 2004 WL 2419172 (Del. Super. Sept. 10, 2004).

[8] 841 Fed. Appx. 132 (11th Cir. Dec. 29, 2020).

which Defendants tortiously interfered, the First Amended Complaint responds to my concerns, and I will allow Plaintiffs to address those concerns.

For the reasons stated above, I **GRANT** Plaintiffs' Motion for Leave to File and Serve First Amended Complaint under Delaware Superior Court Civil Rule 15. Plaintiffs shall forthwith file their First Amended Complaint and serve copies thereof on Defendants.

I have been advised by the parties that the issues addressed in the Motions to Dismiss are in need of no further briefing even after the filing of the First Amended Complaint. As a result, the record is complete and the Motions to Dismiss are now at issue.

**IT IS SO ORDERED.**

/s/Craig A. Karsnitz

cc: Prothonotary

3