## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SANTO E. LORENZO, and<br>WILMI LORENZO,<br><br>     Plaintiffs,<br><br> v.<br><br>LISA M. KIRK,<br>MARTIN J. KIRK, JR., and<br>RUBELINDA GENAO MADERA,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. N21C-08-184 PRW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted:  November 15, 2022
Decided:  November 18, 2022

## <u>ORDER</u>

*Upon Plaintiffs Santo E. Lorenzo and Wilmi Lorenzo's Motion to Amend their Complaint,*
**GRANTED**.

This 18th day of November, 2022, upon consideration of the Plaintiffs' Motion to Amend their Complaint (D.I. 27), the Kirk Defendants' Response (D.I. 31),[1] and the record in this matter, it appears to the Court that:

(1) Plaintiffs Santo E. Lorenzo and Wilmi Lorenzo ("Plaintiffs") bring this Motion to Amend their Complaint for the purpose of adding Brandi Petrucci as a defendant.[2]

---

[1] Defendant Madera took no position on the present motion (D.I. 28 and 29).

[2] Pls.' Mot. to Amend at 1, Oct. 31, 2022 (D.I. 27).

(2)     Plaintiffs argue that Counsel for Defendants Lisa M. Kirk and Martin J. Kirk, Jr. (the "Kirk Defendants") provided Plaintiffs with the fact that a non-party, Brandi Petrucci (Defendant Lisa Kirk's daughter), was the actual driver of the allegedly negligent car, instead of Defendant Lisa M. Kirk.[3]

(3)     The Kirk Defendants oppose this Motion on timeliness grounds.[4] Specifically, the Kirk Defendants argue that because the Complaint was filed on August 20, 2021, and the Motion to Amend was filed on October 31, 2022, the Motion is barred under Rule 15(c).[5]

(4)     Rule 15 governs the procedures for amending a complaint.[6] And Rule 15(c) governs the relation-back doctrine.[7] That section provides that "[a]n amendment of a pleading relates back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute or these Rules for service

---

[3]  *See id.* ¶¶ 1-3; Compl. ¶ 11, Aug. 20, 2021 (D.I. 1) ("At all times material hereto, Defendant Lisa was operating a motor vehicle owned by and insured on behalf of Defendant Martin.").

[4]  Defs.' Opp'n to Pls.' Mot. to Amend ¶ 8, Nov. 15, 2022 (D.I. 31).

[5]  *Id.* ¶¶ 1-8.

[6]  Del. Super. Ct. Civ. R. 15.

[7]  Del. Super. Ct. Civ. R. 15(c).

of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[8]

(5) As the Delaware Supreme Court has observed, satisfying Rule 15(c) requires:

(i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;

(ii) the party to be brought in by amendment has received such notice of the pending action that the party will not be prejudiced in maintaining a defense on the merits; and

(iii) the party to be brought in by amendment knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[9]

(6) Moreover, the Delaware Supreme Court has "held that Superior Court Civil Rule 15 directs the liberal granting of amendments when justice so requires and that in the absence of prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend."[10]

(7) The Kirk Defendants rely solely on the plain language of Rule 15(c)

---

[8] Del. Super. Ct. Civ. R. 15(c).

[9] *Allmaras v. Bd. of Adjustment of Sussex Cty.*, 2020 WL 4669008, at *2 (Del. Aug. 7, 2020) (citing Del. Super. Ct. Civ. R. 15(c)).

[10] *Abdi v. NVR, Inc.*, 2008 WL 787564, at *1 (Del. Mar. 25, 2008) (cleaned up).

-3-

and cite to no case law. Their argument is that the phrase "within the period provided by statute or these Rules for service of the summons and complaint"[11] as used in Rule 15(c)(3) requires "that the amendment must occur within 120 days of the date the complaint is filed."[12]

(8)     But this Court has commented on this Rule and its application in these scenarios.[13]   And the Kirk Defendants' interpretation is simply incorrect.  For instance, in *Walker v. Handler*, a 2010 decision, this Court examined the phrase the Kirk Defendants cite, and found:

> The only reasonable interpretation of Rule 15(c)(3), as amended, is that the party subject to amendment may be added (or substituted) *if that party received notice of the claim within the 120 days permitted for service of a complaint following termination of the relevant statute of limitations*. Under this circumstance, the amendment relates back to the date of the original pleading. Rule 15(c) should not be used to bar a party from pursuing a cause of action because of technical infirmities if the claim can fairly be decided on the merits without prejudice to the defendant.[14]

(9)     Here, the Kirk Defendants do not argue that notice was lacking or that non-party Brandi Petrucci does not have the ability to put on a defense.  Nor could

---

[11]   Del. Super. Ct. Civ. R. 15(c).

[12]   Defs.' Opp'n to Pls.' Mot. to Amend ¶ 5.

[13]   *See e.g.*, *Concklin v. WKA Fairfax, LLC*, 2016 WL 6875960, at *5 (Del. Super. Ct. Nov. 16, 2016) ("In fact, the amended complaint was not filed until after the 120–day period prescribed by Rule 15 for notice had also expired. In the case at bar, E. Earle Downing was given notice of the institution of the proceedings at the latest on March 28, the date service of process was made. These dates fall within the 120–day period following the institution of the action.").

[14]   2010 WL 4703403, at *3 (Del. Super. Ct. Nov. 17, 2010) (emphasis added) (citation omitted).

they.  Not only is Brandi Petrucci the admitted driver of the allegedly negligent vehicle, she is the daughter of the Kirk Defendants.[15]

(10)   Plaintiffs amended their Complaint to address a mistake of the identity of the proper party; Plaintiffs believed Lisa M. Kirk was the driver, but they found out via discovery that her daughter, Brandi Petrucci, was the actual driver.[16]  This is the type of mistake appropriate for Rule 15(c) relief.[17]

(11)   Accordingly, Plaintiffs' Motion to Amend their Complaint for the purpose of adding Brandi Petrucci as a defendant is **GRANTED**.

**SO ORDERED this 18th day of November, 2022**.

**Paul R. Wallace, Judge**

Original to Prothonotary
cc:     All counsel via File & Serve

---

[15]   Defs.' Opp'n to Pls.' Mot. to Amend at 1.  *See Walker*, 2010 WL 4703403, at *3 (noting that: "For purposes of Rule 15(c), notice is satisfied when the parties are so closely related in their business operations *or other activities* that the institution of an action against one serves to provide notice of the litigation to the other." (internal quotations omitted) (emphasis added)); *Ayres v. Delaware State Police*, 2011 WL 13175210, at *4 (Del. Com. Pl. Nov. 4, 2011) (granting motion to amend to add two previously unnamed troopers as defendants, after finding "the troopers received sufficient notice within the statute of limitations period based on the identity of counsel, facts, and interest between the State, DSP, and the troopers sought to be added in the amended complaint").

[16]   *See* Pls.' Mot. to Amend ¶¶ 1-3.

[17]   *Allmaras v. Bd. Of Adjustment Sussex Cty.*, 248 A.3d 105, 109 (Del. Super. Ct. Nov. 12, 2019).