**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| DATA LOGGER SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. N20C-10-121 EMD |
| | ) |
| DIGI SMARTSENSE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Submitted: October 2, 2024
Decided: October 14, 2024

*Upon Plaintiff's Motion for Reargument of the Court's September 18, 2024 Opinion on Defendant's Motion for Remittitur, or in the Alternative, a New Trial and on Plaintiff's Motion for Attorney's Fees, Costs, and Judgment*
***DENIED***

Krista M. Reale, Esquire, Margolis Edelstein, Wilmington, Delaware, Herbert W. Mondros, Esquire, Rigrodsky Law, P.A. Wilmington, Delaware. Glenn Ricketti, Margolis Edelstein, Philadelphia, Pennsylvania. *Attorneys for Plaintiff Data Logger Solutions, LLC.*

David J. Soldo, Esquire, K. Tyler O'Connell, Esquire, Barnaby Grzaslewicz, Esquire, Samuel E. Bashman, Esquire, Morris James LLP, Wilmington, Delaware, Eric C. Liebeler, Esquire, Kevin Kitchen, Esquire, Stinson LLP, Minneapolis, Minnesota. *Attorneys for Defendant Digi SmartSense, LLC.*

**DAVIS, J.**

## I.    INTRODUCTION

On September 18, 2024, the Court issued an Opinion granting, in part, Defendant's Motion for Remittitur, or in the Alternative, a New Trial and denying Plaintiff's Motion for Attorney's Fees, Costs, and Judgment (the "Opinion").[1]  On September 25, 2024, Plaintiff, Data Logger Solutions, LLC ("DLS") filed Plaintiff's Motion for Reargument of the Court's September 18,

---

[1] *Data Logger Solutions, LLC v. Digi SmartSense, LLC*, 2024 WL 4224997 (Del. Super. Sept. 18, 2024).

2024 Opinion on Defendant's Motion for Remittitur, or in the Alternative, a New Trial and on Plaintiff's Motion for Attorney's Fees, Costs, and Judgment (the "Motion"). Defendant Digi SmartSense, LLC ("Digi") filed Digi SmartSense, LLC's Answer to Plaintiff's Motion for Reargument on October 2, 2024. The Court has reviewed the Motion, the Answer, the Opinion and the entire record of this civil proceeding. After review, the Court has determined that no hearing is necessary and, for the reasons set forth below, is **DENYING** the Motion.

## II.     LEGAL STANDARD

Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[2]     The standard for a Civil Rule 59(e) motion is well defined under Delaware law.[3]  A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[4]

Motions for reargument should not be used merely to rehash the arguments already decided by the court,[5] or to present new arguments not previously raised.[6]  In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[7]  Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[8]

---

[2] Super. Ct. Civ. R. 59(e).
[3] *Kennedy v. Invacare Corp.*, 2006 WL 488580, at *1 (Del. Super. Jan. 31, 2006).
[4] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[5] *Id.*
[6] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds, Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[7] *Gannett*, 2003 WL 1579170, at *1.
[8] *Plummer*, 2004 WL 63414, at *2.

## III.    DISCUSSION

In the Motion, DLS contends that the Opinion should be reconsidered because (i) expert testimony is not required to establish lost profits; (ii) Delaware law does not require that future lost profits be established with reasonable certainty; and (iii) the Opinion fails to address the actual bad faith laid out by DLS in its request for fees.  Digi opposes the Motion.  Digi notes that Delaware law does, under the circumstances of this case, require expert testimony to establish the present value of its alleged profits.  Moreover, Digi contends that the Court applied the correct legal standard as to "reasonable certainty" on future damages.  Finally, Digi maintains that the Court did not misapprehend the facts on the issue of bad faith and attorneys' fees.

The Court has reviewed the Motion and holds that DLS has not met the necessary standard for reargument under Civil Rule 59(e).  DLS fails to demonstrate that the Court overlooked precedent or legal principles that would have a controlling effect, or misapprehended the law or the facts such as would affect the outcome of the Opinion.

As cogently set out in *PJ King Enterprises, LLC v. Ruello*, "Delaware law consistently holds that economic and financial damages require expert testimony."[9]  *Ruello* relies on *Empire Financial Services, Inc. v. Bank of New York (Delaware)*.[10]  DLS dismisses the Court's decision in *Empire* and contends that the Supreme Court reversed that decision and held that expert testimony was not required on the issue of future damages.  The Court has reviewed *Empire*.  In *Empire*, the Supreme Court reversed because a genuine issue may have existed that precluded summary judgment on the issue of lost profits; however, the Supreme Court did not create a new legal standard on the level of proof at trial for an award of future damages.[11]

---

[9] 2008 WL 4120040, at *3 (Del. Super. July 1, 2008).
[10] 2007 WL 1991179 (Del. Super. June 19, 2007).
[11] *Empire Fin. Servs., Inc. v. Bank of N.Y. (Del.)*, 945 A.2d 1167, 2008 WL 727036, at *2 (Table) (Del. 2008).

3

In a complex case like this one, the Court continues to hold that a claim for future damages requires expert testimony on lost revenues, minus the costs associated with generating those revenues and then a discount to net present value. DLS recognized this when it retained and proffered expert testimony on future damages at trial—who opined that DLS was owed $3,359,592 in future damages. Lay testimony, especially lay testimony not actually offered pursuant to Evidence Rule 701 or 702, does not comport with the requirements of *Daubert*, Civil Rules 701, 702 and 705,[12] or the legal requirements for establishing the present value of future damages or profits.[13]

The Court did not misapprehend Delaware law on the standard of damages.[14] The Opinion sets out the Court's reasoning and DLS's characterization of the Opinion does not warrant reargument. The Court continues to rely on its reasoning in the Opinion—*nothing* in the record supports a finding of $10,000,000 in future damages and that amount is purely speculative.[15]

Finally, the Court did address the issue of whether DLS was entitled to attorneys' fees under the Provision and the bad faith exception to the American Rule.[16] The Court understood DLS's arguments, addressed and rejected those arguments.[17] Civil Rule 59(e) should not be used merely to rehash the arguments already decided by the court.

## IV.    CONCLUSION

The Court finds and determines that the Motion fails to demonstrate that the Court: (i) overlooked precedent or legal principles that would have a controlling effect, or (ii)

---

[12] DLS never explains how it complied with Civil Rules 701, 702 and 705 when it offered opinion evidence of non-experts at trial.

[13] *Ruello*, 2008 WL 4120040, at *3

[14] *Data Loggers Solutions, LLC*, 2024 WL 4224997, at *6.

[15] *Id.*

[16] Id., at *6-7.

[17] *Id.*

misapprehended the law or the facts such as would affect the outcome of the Opinion.

Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

October 14, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress